CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFFREY P. MITCHELL (CABN 236225)
Chief, Criminal Division

DANIEL N. KASSABIAN (CABN 215249)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone:    (415) 436-7034
    Fax:          (415) 436-7234
    daniel.kassabian@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. CR 19-00604 RS |
| | ) |
| Plaintiff, | ) |
| | ) **[PROPOSED] ORDER OF DETENTION** |
| v. | ) **PENDING FINAL HEARING ON** |
| | ) **ALLEGATIONS OF VIOLATIONS OF** |
| ANDREW QUINTERO, | ) **SUPERVISED RELEASE** |
| | ) |
| Defendant. | ) |
| | ) |

Defendant Andrew Quintero appeared before the Court upon a Petition for Warrant for Person Under Supervision ("Form 12") containing allegations that he violated the terms and conditions of his supervised release. [Dkt. No. 189.]

The United States moved for defendant Quintero's detention pending the final disposition of the allegations against him. The United States Probation Office ("USPO") joined in seeking detention and defendant Quintero opposed. The Court held a hearing and received proffers and argument from counsel for the government and counsel for the defendant on the issue of detention and what conditions, if any, would reasonably assure the appearance of the defendant as required and the safety of the community. The Court considered those proffers and arguments, information from the defendant's supervising probation officer, as well as the information contained in the Form 12.

ORDER OF DETENTION
CR 19-00604 RS
1

Under Fed. R. Crim. P. 32.1(a)(6), the Court must release or detain a person who is alleged to have violated conditions of supervised release pursuant to 18 U.S.C. § 3143(a)(1).  The judicial officer conducting the hearing "shall order" that the person be detained, "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community" if released.  18 U.S.C. § 3143(a)(1).  The defendant bears the burden of demonstrating that he will not flee or pose a danger to any other person or to the community.  Fed. R. Crim. P. 32.1(a)(6).

This written order supplements the Court's findings and oral order at the detention hearing and serves as written findings of fact and a statement of reasons.

In addition to those findings made on the record in open Court on May 15, 2026, the Court makes the following findings.  Per Charge One in the Form 12, there is probable cause to believe that on April 25, 2026, defendant Quintero violated California Penal Code 273.5(A) – Inflicting Corporal Injury to a Spouse, a felony.  Defendant Quintero engaged in a violent attack that included strangling the victim for about a minute, as set forth in the government's proffer per the police report for the incident.  Counsel for defendant Quintero disputed that an assault occurred based on a statement made to her by the victim.  But the Court finds that in so doing, the victim recanted, which is not unusual in domestic violence incidents.  The Form 12 indicates, and the government proffered that: "Officers took photos of her face and neck to document any injuries/marks. The victim had visible red marks on the left side of her neck where she described being strangled."  That indicates to the Court that the assault happened.

Moreover, the government noted that during the incident, the defendant pulled out a collapsable baton and held it to his side while berating the victim.  While the victim apparently was not afraid of being hit with the baton (because defendant Quintero had pulled it out before), his being armed with a weapon while on supervised release contributes to the danger he poses to the community.

The proposal by the defense that defendant Quintero be released to Newbridge is insufficient to carry defendant Quintero's burden because it does not address the threat of violence that he poses.

For these reasons, IT IS HEREBY ORDERED that defendant Quintero is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being

ORDER OF DETENTION

held in custody pending appeal.

Defendant Quintero must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED this 19th day of May, 2026.

_____
THE HONORABLE THOMAS S. HIXSON
United States Magistrate Judge

ORDER OF DETENTION
CR 19-00604 RS                                                 3